IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JOAN A. CARMAN, et al., | : | Case No. 1:23-cv-258 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| ROLF GOFFMAN MARTIN LANG LLP, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiffs' Motion for Leave to File Supplemental Complaint (Doc. 22). Defendants filed a response in opposition (Doc. 23), to which Plaintiffs replied (Doc. 24). Thus, the matter is ripe for the Court's review. For the reasons below, Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

On May 2, 2022, Otterbein Maineville, LCC, ("Otterbein") began debt collection efforts by filing suit in the Warren County Court of Common Pleas against Plaintiff Douglas Carman for Plaintiff Joan Carman's nursing home debt ("State Action"). (Am. Compl., Doc. 7, ¶ 63.) On June 2, 2022, Plaintiffs filed a counterclaim in the State Action, alleging violation under the Ohio Consumer Sales Practices Act ("OCSPA"). (Motion to Stay, Doc. 11, Pg. ID 216; State Action Answer and Counterclaim, Doc. 11-2, Pg. ID 229-39.) Plaintiffs later brought this action in federal court on May 2, 2023, for violations of

the OCSPA and the Fair Debt Collection Practices Act ("FDCPA"). (*See* Compl., Doc. 1.) On August 28, 2023, Plaintiffs filed their First Amended Complaint. (Am. Compl., Doc. 7.)

Meanwhile, in the State Action, the parties filed competing motions for summary judgment. (Motion for Leave, Doc. 22, Pg. ID 395.) On November 2, 2023, the state court granted Otterbein's motion and denied Plaintiffs' motion. *Id.* At that juncture, Plaintiffs' counterclaims for fraudulent conveyance, civil conspiracy, and OCSPA violations remained. *Id.* On November 16, 2023, Otterbein filed certificates of judgment liens against Plaintiffs. (Precipe for Certificate of Judgment, Doc. 22-1, Pg. ID 411-15.) Plaintiffs only discovered the existence of these liens while preparing for a pretrial hearing in the State Action on November 27, 2023. (Proposed Supp. Compl., Doc. 22-1, ¶ 15.) On December 4, 2023, this Court stayed the current matter pending the resolution of the State Action. (Order Granting Motion to Stay, Doc. 15.) A final judgment was entered in the State Action on July 1, 2024. (Final Judgment Entry, Doc. 17-2, Pg. ID 347.) Once notified of the final judgment in the State Action, this Court lifted the stay. (Notation Order 07/10/2024.)

On September 19, 2024, Plaintiffs filed their Motion for Leave to Supplement their First Amended Complaint, seeking to add claims for violations of the FDCPA and OCSPA, as well as for slander of title. (Doc. 22.) This matter is now fully briefed and ripe for review. (*See* Response, Doc. 23; Reply, Doc. 24.)

2

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Whether to grant a supplemental pleading is left to the broad discretion of the district court. *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016); Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment. In assessing whether to grant a motion for leave to amend or supplement a pleading, a district court may consider such factors as (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Mich. Consol. Gas. Co.*, 918 F.2d 579, 591 (6th Cir. 1990). Defendants oppose Plaintiffs' Motion, arguing that undue delay and futility weigh against granting leave to amend. The Court analyzes these factors in turn.

### I. Undue Delay

In considering what constitutes "undue delay," courts weigh factors such as the length of the delay, whether dispositive motions have been granted, whether the new allegations would require significant resources to conduct discovery, and whether the new claims would delay resolution of the matter. *Brown v. Fla. Coastal Partners, LLC*, No. 2:13-CV-1225, 2015 U.S. Dist. LEXIS 89918, at *14-15 (S.D. Ohio July 10, 2015). Delay alone,

however, is insufficient to justify a denial of leave to amend. *Security Ins. Co. v. Kevin Tucker & Assocs.*, 64 F.3d 1001, 1009 (6th Cir. 1995). Instead, "the party opposing the motion to amend must make some significant showing of prejudice to prevail." *Id.* The delay must have been intended to harass the opposing party or cause prejudice to be considered undue delay. *Id.*

Here, Plaintiffs discovered that Defendants had imposed judgment liens against them in November 2023. (Motion for Leave, Doc. 22, Pg. ID 395). Plaintiffs then filed their Motion for Leave to File Supplemental Complaint on September 19, 2024. (Doc. 22.) Defendants argue that Plaintiffs failed to act diligently because they waited approximately ten months to move for a supplemental complaint. (Response, Doc. 23, Pg. ID 433).

Parties, however, have no expectation to amend a complaint while the matter is stayed. *Martinez v. State Farm Mut. Auto. Ins. Co.*, 615 F. Supp. 3d 584, 588 (W.D. Ky. 2002). Although Plaintiffs discovered the liens before this matter was stayed, the parties were briefing Defendants' Motion to Stay at that time. (*See* Motion to Stay, Doc. 11). The Court lifted the stay on July 10, 2024 (Notation Order 07/10/2024), and Plaintiffs moved for leave less than three months later. (*See* Motion for Leave, Doc. 22.) This timeline does not amount to undue delay under the circumstances. *See, e.g., Martinez*, 615 F. Supp. 3d at 588 (finding no undue delay when four months elapsed between a stay being lifting and the plaintiff moving to amend). Furthermore, no dispositive motions have been decided, the parties are in the initial stages of discovery, and Defendants do not argue that the additional claims will require significantly more resources to conduct discovery. Thus,

4

Defendants have failed to make a significant showing of undue delay, prejudice, or bad faith. These considerations weigh in favor of granting Plaintiffs' Motion.

## II. Futility

A district court may deny a request for leave to file a supplemental complaint if the amendment would be futile. *Christian Separatist Church Soc'y of Ohio v. Ohio Dep't of Rehab. & Corr.*, 2:15-CV-02757, 2017 U.S. Dist. LEXIS 181147 at *16 (S.D. Ohio June 14, 2017). An amendment is futile "if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021). To survive a motion to dismiss, the complaint must plead sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). A claim for relief must also be "plausible on its face." *Iqbal*, 556 U.S. at 678. That is, the complaint must lay out enough facts for a court to reasonably infer that the defendant wronged the plaintiff. *16630 Southfield*, 727 F.3d at 502. A complaint that lacks such plausibility is insufficient. *Iqbal*, 556 U.S. at 678. When assessing plausibility, courts "construe the complaint in a light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### a. Plaintiffs' Supplemental Slander of Title Claim

To succeed on a slander of title claim under Ohio law, the plaintiff must show that "(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages." *Baile-*

*Bairead, LLC v. Magnum Land Servs., LLC*, 19 F. Supp. 3d 760, 773 (S.D. Ohio 2014).

Plaintiffs' Proposed Supplemental Complaint claims that Defendants slandered Plaintiff Douglas' title to his property by filing judgment liens based on a non-final judicial order. (Proposed Supp. Compl., Doc. 22-1, ¶ 41.) Defendants argue for dismissal by claiming that their alleged actions are protected by the judicial proceeding privilege. (Response, Doc. 23, Pg. ID 433.) As Defendants noted, matters published with a reasonable relation to a judicial proceeding are privileged—even if untrue. *Nozik v. Sanson*, 662 N.E.2d 1134, 1134-35 (Ohio Ct. App. 1995) (citing *Surace v. Wuliger*, 495 N.E.2d 939, 941 (Ohio 1986)). Furthermore, "[t]here is no authority establishing an exception to the judicial proceeding privilege for judgment liens." *Id.* at 1134. Thus, "[t]he filing of a judgment lien cannot constitute slander of title." *Id.*; *see also Mershman v. Citizens Nat'l Bank*, No. 12-97-1, 1997 Ohio App. LEXIS 2016, at *4 (Ohio Ct. App. May 2, 1997). Plaintiffs have failed to cite authority suggesting that the judicial proceedings privilege does not apply here. Therefore, Plaintiffs' proposed supplemental claim for slander of title is futile.

### b. Plaintiffs' Supplemental OCSPA Claim

The OCSPA "protects consumer debtors during debt collection and can be applied to attorneys as a result of litigation activities." *Cach, LLC v. Young*, No. 15-MA-0176, 2021-Ohio-4638, ¶ 19 (Ohio Ct. App. Dec. 17, 2021). For example, the OCSPA prohibits unfair, deceptive, and unconscionable acts or practices in connection with consumer transactions. *Id.* (citing Ohio Rev. Code § 1345.02(A), 1345.03(A)). Furthermore, "[t]he collection of debts associated with consumer transactions is within the purview of the OCSPA since it covers acts which occur before, during, or after the transaction." *Broadnax*

*v. Greene Credit Serv.*, 694 N.E.2d 167, 174 (Ohio Ct. App. 1997).

Defendants, under Ohio Revised Code § 2329.02, imposed a lien on all real property owned by Plaintiffs through their certification of the rulings on the summary judgment motions in the State Action. (Motion for Leave, Doc. 22, Pg. ID 395.) Plaintiffs' Supplemental Complaint would claim that Defendants engaged in unfair, deceptive, or unconscionable conduct by attempting to collect Otterbein's debt through the filing of the November 16th judgment liens, allegedly violating Ohio Revised Code §§ 1345.02-03. (Proposed Supp. Compl., Doc. 22-1, ¶¶ 26-39.)

Defendants argue that the OCSPA does not require a final judgment before seeking a judgment lien, so filing the November 16th judgment liens after the court ruled on the summary judgment motions in the State Action was lawful. (Response, Doc. 23, Pg. ID 427.) Ohio Revised Code § 2329.02 "authorizes a court of record to order execution on the relief granted in a judgment issued by another court of record." *Aselage v. Lithoprint Ltd.*, No. 23527, 2009-Ohio-7036, ¶ 28 (Ohio Ct. App. Dec. 30, 2009). In determining which orders authorize courts to order execution, "[i]t is axiomatic that a non-final, interlocutory order is not capable of execution. Indeed, the execution of all judgments determined upon a single claim should be stayed pending the final determination of the entire action as to all parties." *Id.* (citations and quotations omitted). In *Aselage*, the plaintiff filed for summary judgment on both his breach of contract claim and the defendant's counterclaim. *Id.* at ¶ 2. The common pleas court granted summary judgment on the plaintiff's claim, but not on the counterclaims. *Id.* Relying on this ruling, the plaintiff filed a judgment lien against the defendant. *Id.* at ¶ 3. The Court of Appeals for Ohio's Second

7

District, however, determined that the common pleas court's ruling was "a non-final, interlocutory order not capable of execution." *Id.* at ¶ 29.

The present matter closely resembles *Aselage*. Here, Defendants filed a judgment lien, relying on the State Action's ruling granting partial summary judgment on Otterbein's claims and denying Plaintiffs' summary judgment motion for its claims. (Entry and Order, Doc. 23-2. Pg. ID 434; Proposed Supp. Compl., Doc. 22-1, ¶¶ 5-12.) The State Action ruling was not capable of execution as it was an interlocutory order.

Defendants oppose the Motion by stating that Ohio Revised Code § 2329.02 does not require a final judgment. (Response, Doc. 23, Pg. ID 427.) Defendants cite *Falls Sav. Bank, F.S.B. v. Caldwell*, another Ohio appellate decision which states that "a 'final judgment' against all parties or a judgment employing Civ. R. 54(B) language is not a prerequisite to [foreclosure] procedures." No. 14644, 1991 Ohio App. LEXIS 416, at *9 (Ohio Ct. App. Jan. 31, 1991). The Court finds Defendants' arguments unpersuasive. In *Caldwell*, the Court of Appeals for Ohio's Ninth District ruled that a final judgment was not required to initiate foreclosure procedures under Ohio Revised Code § 2323.07. *Id.* In the current matter, Plaintiffs are not attempting to claim Defendants violated section 2323.07's foreclosure procedures. (Proposed Supp. Compl., Doc. 22-1, ¶¶ 26-36.) Rather, Plaintiffs seek to claim that Defendants violated Ohio Revised Code §§ 1345.02-.03. Thus, this claim is not futile.

### c. Plaintiffs' Supplemental FDCPA Claim

"The [FDCPA] prohibits a debt collector from the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'"

8

*Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (quoting 15 U.S.C. § 1692e). To establish a claim under the FDCPA: (1) the "plaintiff must be a consumer as defined by the [FDCPA]; (2) the debt must arise out of transactions which are primarily for personal, family, or household purposes; (3) defendant must be a debt collector as defined by the [FDCPA]; and (4) defendant must have violated § 1692e's prohibitions." *Id.* (quotations omitted). Plaintiffs' Proposed Supplemental Complaint would claim that Defendants violated the FDCPA by filing the judgment lien contrary to Ohio law and unlawfully burdening Plaintiff Douglas' real property. (Proposed Supp. Compl. Doc. 22-1, ¶¶ 26-36.)

Defendants also contend that the FDCPA does not require a final judgment to create the basis for a lien. (Response, Doc. 23, Pg. ID 427.) As detailed above, though, the judgment lien Plaintiffs claim was placed on their real property allegedly violated Ohio law as it was based on a non-final, interlocutory order. The Sixth Circuit has acknowledged that not every violation of state law is a per se violation of the FDCPA. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 536-37 (6th Cir. 2014). But, that does not mean that state law violations are never a violation of the FDCPA. *Id.* "The proper question in the context of an FDCPA claim is whether the plaintiff alleged an action that falls within the broad range of conduct prohibited by the Act." *Id.*

Plaintiffs' Supplemental Complaint would claim Defendants violated 15 U.S.C. § 1692f, which prevents a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Although the FDCPA does not define "unfair or unconscionable" under § 1692f, it does provide a non-exhaustive list of

9

examples that rise to that level of conduct. *Currier*, 762 F.3d at 534. Here, Plaintiffs claim, among other things, that Defendants violated the FDCPA by "certifying a non-final, interlocutory summary judgment order as a final judgment in order to impose unlawful judgment liens against Plaintiffs." (Proposed Supp. Compl., Doc. 22-1, ¶ 33(a).) Plaintiffs would further allege that this lien impaired Plaintiff Douglas' real property. (*Id.* at ¶¶ 24, 28.) Although not listed as an example in § 1692f, this alleged conduct is still unlawful. "Maintaining an invalid lien against a debtor's home falls comfortably within the kinds of practices Congress has identified as unfair under § 1692f of the FDCPA." *Currier*, 762 F.3d at 535. Thus, Plaintiffs have plausibly alleged an unfair debt collection practice under the FDCPA, and this claim would not be futile. *Id.* at 534-35 (finding that the plaintiff adequately pled a § 1692f violation by claiming the defendant maintained an invalid judgment lien on her home).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Supplemental Complaint (Doc. 22) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the motion is **GRANTED** as to Count I (FDCPA) and Count II (OCSPA) of the Proposed Supplemental Complaint and **DENIED** as to Count III (Slander of Title) of the Proposed Supplemental Complaint. Plaintiffs **SHALL FILE** their first Supplemental Complaint within seven (7) days of this Order. The Supplemental Complaint must contain all of Plaintiffs' additional allegations and claims in one document.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature: Matthew W. McFarland]*

JUDGE MATTHEW W. McFARLAND